UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE DALE LAIRD,

        Petitioner,

CASE NO. 1:15-CV-953

v.

HON. ROBERT J. JONKER

UNITED STATES OF AMERICA,

        Respondent.

_____/

## OPINION AND ORDER

Petitioner Laird moves to vacate his 135-month sentence for conspiracy to possess with intent to distribute 500 grams or more of cocaine. There is no merit to Petitioner's position, and the motion is **DENIED**.

## BACKGROUND

A grand jury returned an indictment against Laird on January 25, 2013. Laird was charged with one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). After a trial, the jury convicted Laird on this count. The Court imposed a guideline sentence of 135 months on September 10, 2013. The Sixth Circuit Court of Appeals affirmed Laird's conviction on November 12, 2014.[1] On September 24, 2015, Laird filed a Section 2255 motion (Case No. 1:15-cv-953, ECF No. 1).

---

[1]The Sixth Circuit did not address the claims raised by Laird in the instant motion. *See United States v. Laird*, 591 F. App'x 332 (6th Cir. 2014).

## LEGAL STANDARDS AND ANALYSIS

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255.  A valid Section 2255 motion requires a petitioner to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings.  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  Non-constitutional errors generally are outside the scope of Section 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."  *Id.* (internal quotation marks omitted).  Generally, with the exception of claims of ineffective assistance of counsel, claims not first raised on direct appeal are procedurally defaulted and may not be raised on collateral review.  *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent."  *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations and quotation marks omitted).

Petitioner attacks his sentence by alleging several variations of the argument that his defense counsel provided ineffective assistance.[2]  Normally, to establish a claim of ineffective assistance, a

---

[2]Petitioner has also filed two motions for discovery and production of documents for his Section 2255 Motion (Case No. 1:15-cv-953, ECF Nos. 4 & 6).  These motions are governed by Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

criminal defendant must show deficient performance and actual prejudice. *Strickland v. Washington*, 466 U.S. 688, 687 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). A district court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Flores-Ortega*, 528 U.S. at 477. Counsel must be "a reasonably competent attorney" and give "reasonable effective assistance." *Strickland*, 466 U.S. 687. Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* In the plea context, actual prejudice means "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner has not established ineffective assistance in this case.

---

Under Rule 6, "[h]abeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Instead, a movant may only invoke discovery processes if, and to the extent that, the district judge finds good causes exists and exercises discretion to grant leave. *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford*, 266 F.3d at 460.

In this case, the information Petitioner seeks does not appear to be material. Nor has Petitioner made specific allegations providing the Court with reason to believe that Petitioner could succeed on any of his claims on a fully developed record. Instead, Petitioner's allegations are wholly conclusory. Accordingly, the Court **DENIES** Petitioner's motions for discovery (*Id.* ECF Nos. 4 & 6).

**I.     Plea Agreement**

Petitioner's first claim alleging ineffective assistance of counsel[3] arises out of a proffer he gave on January 29, 2013, under a signed proffer letter. Three weeks later, on February 21, 2013, the government advised defense counsel, Ms. O'Briant, that Laird "was not fully forthcoming in his proffer" and that the government "cannot offer him a plea agreement at this point." (Case No. 1:13-cr-26, ECF No. 14, PageID.131-133). Although Laird provided the prosecution with details about the role of his co-defendants in the conspiracy, he was not forthcoming about his own role in that conspiracy. In particular, Laird had failed to disclose to the government that he had carried four and a quarter kilograms of cocaine on foot around the Hebbronville checkpoint. (*Id.*, ECF No. 324, PageID.2677-2678).

Laird claims that "[t]rial counsel was ineffective for . . . failing to secure a plea agreement offered to Laird by the prosecutor, thus, causing Laird to lose the benefit of the plea." (Case No.

---

[3]Petitioner was represented by multiple defense attorneys throughout the progression of his case. Defense counsel John Frawley was appointed to represent Laird on January 28, 2013. Laird, however, retained defense counsel Ina R. O'Briant on January 29, 2013. She represented him through the plea negotiation and the trial, which concluded on May 10, 2013.

On May 28, 2013, Ms. O'Briant moved for leave to withdraw, citing a breakdown in the attorney-client relationship. The Magistrate Judge granted the motion and appointed an experienced attorney, Richard Zambon, to represent Petitioner through the rest of the District Court proceedings, including sentencing.

On August 16, 2013, Mr. Zambon filed a motion to withdraw as counsel for Laird, citing interference with his representation of Laird based on allegations that Laird continued to seek the advice and counsel of Ms. O'Briant despite his previous allegations that she had rendered ineffective assistance of counsel. The Magistrate Judge denied the motion and ordered Ms. O'Briant to refrain from contacting the Court or the Probation Office regarding Laird's case.

Mr. Zambon filed his second notice to withdraw as counsel after Laird was sentenced on September 10, 2013. The Court of Appeals granted that motion on September 16, 2013, and later provided Petitioner with defense counsel on appeal matters. Attorney Colter L. Paulson handled Laird's appeal of his conviction and sentence. His representation terminated after the Sixth Circuit affirmed Laird's conviction on November 12, 2014.

1:15-cv-953, ECF No. 1, PageID.4). Laird further alleges that "[t]he prosecutor offered Laird a (4) point reduction for his proffer and for substantial assistance. Laird advised his counsel he wanted to cooperate and did so, however, his counsel abandoned him and failed to follow threw [sic] with the deal, thus causing Laird to lose the benefit of the guilty plea." *Id.* In essence, Laird argues that Ms. O'Briant provided ineffective assistance by failing to follow up with the government on Laird's proffer deficiencies, and by failing to inform him on what he needed to do to complete the plea-bargain process.[4]

Laird also claims that "[c]ounsel was deficient in giving Laird inaccurate sentencing advice about not being able to receive more time in prison for going to trial, and that his only option was trial." (*Id.*, ECF No. 2, PageID.16). In other words, Laird alleges that Ms. O'Briant provided ineffective assistance by erroneously advising him that his only option was going to trial, and by failing to accurately inform him as to the range of punishment he might face if convicted at trial.

---

[4] On its face, Laird's Section 2255 motion does not appear to raise any claim for ineffective assistance based on Ms. O'Briant's failure to conduct a pretrial investigation of witnesses. Laird does, however, make some stray references on that issue (Case No. 1:15-cv-953, ECF No. 2, PageID.21). Petitioner is likely precluded from making such a claim because it appears that the Sixth Circuit already addressed that issue on direct appeal (Case No. 1:13-cr-26, ECF No. 333, PageID.2858). In any event, this Court finds that Petitioner has failed to show the prejudice necessary to establish an ineffective assistance claim on that basis. Laird's principal argument appears to be that adequate investigation would have supported his claim that he went to Texas not to obtain drugs, but to vacation. In his own proffer, however, Laird admitted that he went from Michigan to Texas to purchase and distribute drugs. Accordingly, it is unlikely that Ms. O'Briant could have ethically presented any witnesses to support Laird's vacation defense, which she knew was contradicted by Laird's proffer. *See Nix v. Whiteside*, 475 U.S. 157, 166 (1986) ("Although counsel must take all reasonable lawful means to attain the objectives of his client, counsel is precluded from taking steps or in any way assisting the client in presenting false evidence or otherwise violating the law."). Moreover, Laird has failed to provide any credible argument that, if Ms. O'Briant had pursued and presented this theory, it would have altered the result of the trial. Accordingly, Laird cannot prevail on an ineffective assistance of counsel claim on this basis.

The Sixth Amendment right to effective assistance of counsel applies to all critical stages of criminal proceedings. *Missouri v. Frye*, 566 U.S. 133, 140 (2012) (quoting *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). Plea bargain negotiation is a critical stage of the criminal proceedings. *Id.* at 144. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 145.

Here, there is no dispute that Laird received the prosecution's offer of a plea bargain. Instead, Laird argues that Ms. O'Briant provided ineffective assistance by failing to inform him regarding the plea requirements and providing him with inaccurate advice regarding the consequences for proceeding to trial. Laird's claims are corroborated by Ms. O'Briant's admission that she left on a weeks-long vacation during the period of plea negotiation and never communicated to Laird what was wrong with his proffer. (ECF No. 14, PageID.126-127) ("Because I did not realize that AUSA Shekmer had explained what she believed was wrong with the proffer, I never communicated this to my client."). Additionally, Ms. O'Briant admitted that she erroneously advised Laird on the consequences of proceeding to trial. *Id.* at PageID.128 ("I erroneously believed and advised Mr. Laird that he had nothing to lose by taking the matter to trial."). In fact, it appears that Ms. O'Briant is essentially willing–even eager–to fall on her sword and admit her performance as counsel was deficient.

But even assuming defense counsel's performance was deficient, Petitioner fails to establish prejudice. The Supreme Court instructs that "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*,

566 U.S. 156, 163 (2012). In circumstances where the deficient performance leads to the defendant's rejection or failure to accept a plea agreement a defendant must establish:

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 164. Petitioner has not made and cannot make that showing.

As an initial matter, the prosecution fully disclosed the terms of the proffer to Laird, undercutting Laird's claim that defense counsel's error–not his failure to follow the ground rules of the proffer agreement–caused him to lose the benefit of a plea bargain. The proffer agreement clearly states:

> Any and all statements made by your client, or information provided by your client, during the 'off-the-record' proffer or discussion will be truthful; and your client will not withhold any material or requested information to protect himself, a third party, or for any other reason. He will be expected to tell all he knows about any criminal activity in which he has participated or of which he has information and knowledge.

(Case No. 1:13-cr-26, ECF No. 307, PageID.1951). The agreement further stated that the prosecution would contact Ms. O'Briant after evaluating the information "concerning whether or not an agreement can be reached and what concessions or recommendations, if any, the United States Attorney for the Western District of Michigan would be willing to make on your client's behalf." (*Id.* at PageID.1952). Finally, the agreement stated that Petitioner should only sign the letter "if . . . [he] wishes to engage in an "off-the-record " proffer or discussion under the[] ground rules" mentioned above. *Id.* Laird, Ms. O'Briant, and counsel for the Government all signed this written proffer agreement. Petitioner's signature indicates that he understood these rules and promised to abide by them.

7

The record also reveals that, six weeks prior to trial, at a March 26, 2013, hearing on Laird's motion for a bill of particulars, the government stated in open court why Laird's proffer was insufficient to merit a plea agreement. During the hearing, the Magistrate Judge first confirmed on the record that Laird was present when he asked "And Mr. Laird is present with counsel as well, is that correct?" (*Id.*, ECF No. 324, PageID.2664). Ms. O'Briant responded, "That is correct, your Honor." *Id.* Subsequently, the prosecution stated:

> I might just put on the record, your Honor, as well while we're here, the government is somewhat disconcerted by this motion particularly as to Mr. Laird because Mr. Laird gave a proffer to the government in which he detailed most of the trip and the participants in who were there. He did leave out the fact that he was the one who ran the drugs around the checkpoint, but for the defense to be arguing that they don't know what they did during this time, particularly in the case of Mr. Laird, is really somewhat disingenuous.

*Id.* at PageID.2678. Accordingly, Laird was not prejudiced by Ms. O'Briant's failure to follow up with the government on Laird's proffer deficiencies and failure to advise Laird on the deficiencies of his proffer and how he could correct those deficiencies–the government relayed that information to Laird on the open record six weeks prior to his trial.

Moreover, when Laird's subsequent counsel, Richard Zambon, explicitly instructed Laird that he would have to plead guilty on the charges if he wanted a plea agreement, Laird refused, insisting that he was "innocent of the charges against him." (*Id.*, ECF No. 22-1, PageID.190). In fact, Laird "steadfastly maintained his innocence" throughout Mr. Zambon's representation of him. *Id.* According to Mr. Zambon,

> [O]n every occasion when Mr. Laird raised the issue of obtaining 'the plea agreement that was offered to him,' I explained to him that he would have to have been guilty of the charges in order to plead guilty. Again, Mr. Laird would respond that he was not guilty of the offenses charged and therefore could not have pled guilty.

8

*Id.* Accordingly, Laird cannot now claim that he would have pled guilty if his counsel had communicated more effectively with him regarding the plea negotiations. *See Beauchamp v. Perez*, No. 13 Civ. 2452 (AKH), 2014 WL 2767208, at *7 (S.D.N.Y. April 30, 2014).

In sum, Laird's claim that he would have pled guilty and not proceeded to trial is belied by the undisputed contemporaneous record. Laird knew and understood the terms of the proffer agreement, but decided not to comply with those terms anyway by knowingly withholding information from the government. If, after this, any doubt remained in Laird's mind as to why the prosecution did not offer a plea bargain, the prosecution fully disclosed Laird's proffer deficiencies to him in open court six weeks before trial. And Laird's statements after trial reveal why he proceeded to trial–he refused to acknowledge his guilt, which is obviously the heart of any guilty plea. Accordingly, Laird has failed to establish that he was prejudiced or that his Sixth Amendment right to effective assistance of counsel was violated in this regard. *See Strickland*, 466 U.S. at 694; *Frye*, 566 U.S. at 148.

## II.     Competency Evaluation

Second, Petitioner argues that defense counsel O'Briant was ineffective for failing to request an evaluation of his competency at the time of the offense and his competency to stand trial (Case No. 1:15-cv-953, ECF No. 1, PageID.5). Laird claims that "[c]ounsel was well aware Laird was suffering extreme emotional and mental pressure and had been diagnosed with multiple disorders and was also being treated for his mental issues." *Id.* Moreover, Petitioner claims defense counsel was "well aware of the prior mixed 'Personality Disorder' of the petitioner, and also that he was currently being treated by psychologist Dennis Glandon, after being diagnosed with multiple

9

disorders by psychologist Shannon Lowder." *Id.*, ECF No. 2, PageID.20). Petitioner's claim fails to establish ineffective assistance of counsel.

"'[C]ounsel's failure to request the trial court to order a hearing or evaluation on the issue of the defendant's competency' might render counsel's performance objectively unreasonable, 'provided there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency.'" *United States v. Dubrule*, 822 F.3d 866, 881 (6th Cir. 2016) (quoting *Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir. 2001)). But "the bar for incompetency is high: a criminal defendant must lack either a 'sufficient present ability to consult with his lawyer with a reasonable degree of understanding' or 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008) (citation omitted). For a reasonable attorney to recognize these "indicia of incompetence," he must have more than a general concern for the client's mental health. *See United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996) ("[I]t does not follow that because a person is mentally ill he is not competent to stand trial.") (internal quotations and citation omitted).

Petitioner has failed to establish indicia of incompetence that would have provided an objectively reasonable counsel reason to doubt his competence. The extent of the evidence mustered by Petitioner is the fact that he underwent a psychological evaluation by Shannon M. Lowder and received some additional unspecified treatment. Additionally, Petitioner states that he attended sessions with Psychologist Dennis Glandon, a licensed MSW.

Petitioner's evidence, however, fails to provide any basis for an objectively reasonable counsel to doubt his competence before or during trial. For example, Mr. Glandon's letter states that "Lance has been involved in individual clinical counseling for approximately four months. He has

been cooperative and participates actively in the counseling sessions." (Case No. 1:13-cr-26, ECF No. 306-1, PageID.1938). Nowhere does Mr. Glandon state any concern for Petitioner's mental health, much less any grounds to support diminished capacity. *See id.* To the contrary, Mr. Glandon's letter demonstrates that Laird responded positively to counseling and showed no need for further evaluation. Petitioner has also failed to provide any evidence of the results of the psychological evaluation allegedly performed by Ms. Lowder.

Most importantly, as the record plainly shows, neither counsel nor the Court ever felt the need to raise competence as an issue. Laird did not raise it himself. And while Laird now believes his attorney should have raised his competence as an issue, his own *pro se* § 2255 pleadings show that he fully comprehends the nature and consequences of the proceedings against him. *See United States v. Wilson*, 402 F. App'x 69, 75 (6th Cir. 2010) (affirming district court's holding that a defendant's *pro se* filings evidenced his competency). Accordingly, Petitioner has failed to provide the requisite "indicia of incompetence" to establish deficient performance.[5]

Petitioner also fails to establish prejudice. To demonstrate prejudice in the context of defense counsel's alleged failure to request a competency evaluation, a defendant must establish that "there

---

[5] Ms. O'Briant's statement in her affidavit that she "was not properly qualified to ascertain whether or not Mr. Laird was in the proper state of mind at the time . . . and that Dr. Shannon Lowder . . . expressed significant concerns about Mr. Laird's mental well being" does not change this Court's analysis. To the extent the Court credit's defense counsel's statements, they simply state concerns for Laird's *potential* mental health problems–not his competence to stand trial. *See United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996) ("[I]t does not follow that because a person is mentally ill he is not competent to stand trial.") More importantly, Ms. O'Briant's statements reflect her hindsight potential for improved representation, not her actual performance at trial. *See Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998) (holding that a court's focus is "on the adequacy or inadequacy of counsel's actual performance, not counsel's (hindsight) potential for improvement.").

11

is a reasonable probability that, but for counsel's 'failure to request a competency evaluation prior to or during trial,' the result of the proceeding would have been different." *Dubrule*, 822 F.3d at 881.

Even assuming that Ms. O'Briant should have requested a competency evaluation, Laird cannot demonstrate any prejudice resulted from her failure to do so. Mr. Zambon, who was appointed counsel for Petitioner immediately after trial, testified that "[a]t no time did [he] believe Mr. Laird was suffering from a mental disease or defect such that his competence could be called into question. Mr. Laird always appeared lucid and was cognitive of his surroundings and was able to assist in his defense." (Case No. 1:15-cv-953, ECF No. 22-1, PageID.191). Mr. Zambon's observations of Laird's immediate post-trial conduct are consistent with what the Court observed during trial. Laird's demeanor at trial was alert and attentive, and there was nothing even remotely suggesting that Laird was incompetent. Laird acted rationally over the course of the proceedings and did not exhibit questionable behavior.

This Court appreciates the "difficulty of retrospectively determining an accused's competence to stand trial," *see Pate v. Robinson*, 383 U.S. 375, 387 (1966), but it is Laird's burden to show a reasonable probability that an earlier competency evaluation would have led to a different result. Laird's evidence fails to meet his burden in this case. Accordingly, Petitioner has failed to show that defense counsel acted unreasonably in not requesting a competency evaluation and Petitioner cannot establish deficient performance and actual prejudice on this basis. *See Strickland*, 466 U.S. at 687.

### III. Post-Trial Matters

Petitioner's final claim alleges that defense counsel for post-trial matters, Mr. Zambon, provided ineffective assistance. Specifically, Petitioner claims that "[n]ewly appointed counsel was ineffective for failing to amend motion [sic] for new trial and failing to present mitigating evidence

or character witnesses at sentencing." (Case No. 1:15-cv-953, ECF No. 1, PageID.6). Laird further claims that "[c]ounsel never amended the motion for new trial to include ineffective assistance of counsel nor did he present mitigating evidence of Laird's mental capacity at the time of offense or witnesses that could of [sic] testified to his mental state." *Id.* at PageID.6-7. Petitioner's claims, however, are contradicted by the record and therefore fail to establish ineffective assistance.

First, defense counsel Zambon could not have provided ineffective assistance by failing to amend Laird's motion for a new trial to include ineffective assistance of counsel because Laird's original motion for new trial was almost entirely based on several claims of ineffective assistance of counsel. (Case No. 1:13-cr-26, ECF No. 228, PageID.1017-1019). Ms. O'Briant filed a motion for new trial on May 23, 2013. *Id.* The bases for the motion included "[t]hat Defendant was denied effective assistance of counsel by the court's denial of pretrial Motion(s)," that "the Prosecutor and the Court made unwarranted and unnecessary comments about the time that Defense counsel was spending on cross examination(s) and during her closing argument . . . rendering Defense Counsel ineffective," and that "the prosecutor and the Court interrupted [defense counsel] numerous times claiming that she was taking too much time . . . [which] undermined the Defense and denied Defendant effective assistance of counsel." *Id.* Laird fails to articulate what, if anything, Mr. Zambon should have or could have added to this motion in addition to these arguments.

And Mr. Zambon explained this to Laird. As Mr. Zambon states in his affidavit: "I explained to [Laird] that the trial counsel had already filed a motion for a new trial where she had raised the issue of her own ineffective assistance of counsel . . . , and that the court would rule on that motion with or without a hearing." (Case No. 1:15-cv-953, ECF No. 22-1, PageID.190). Mr. Zambon further explained to Laird "that a claim of ineffective assistance of counsel could also be raised either on

13

direct appeal or in a petition filed under 28 USCA 2255." *Id.* at PageID.190-191. Accordingly, Laird fails to establish deficient performance or actual prejudice on this basis.

Second, Petitioner claims that defense counsel Zambon provided ineffective assistance by failing to present mitigating evidence at sentencing. "[F]ailure to present mitigating evidence at sentencing can constitute ineffective assistance of counsel under the Sixth Amendment." *Coleman v. Mitchell*, 244 F.3d 533, 545 (6th Cir. 2001). This is not such a case. Petitioner's claims are wholly contradicted by the record and Petitioner fails to present any new mitigation evidence that differs from the evidence actually presented at sentencing. Accordingly, Petitioner fails to establish deficient performance or actual prejudice on this basis.

Contrary to Laird's claim that defense counsel failed to object to "the (2) points for relevant conduct," Mr. Zambon raised that issue in Laird's sentencing memorandum and at argument during sentencing. Mr. Zambon stated in Laird's sentencing memorandum that Laird "strongly objects to including, as relevant conduct, any . . . amount [other than 4.033 kilograms of cocaine] in order to compute his guidelines." (Case No. 1:13-cr-26, ECF No. 306, PageID.1931). Zambon also objected "to the inclusion of any amounts of cocaine from any prior trip to Texas" and argued that "the total amount of cocaine was 4.033 kilograms which would result in a Base Offense Level of 30, and Adjusted Offense Level of 30 . . . and a Total Offense Level of 30." *Id.* at PageID.1931-1932. This is corroborated by Zambon's statement in his affidavit that he "argued that the defendant's base offense level should be 30, not level 32 as the probation officer had determined." (Case No. 1:15-cv-953, ECF No. 22-1, PageID.191). Mr. Zambon also raised this issue during argument at sentencing. *Id.*

Further, contrary to Laird's claim that Mr. Zambon did not properly address Laird's "family circumstances" or the "sentence disparity between co-defendants" at sentencing, (*Id.*, ECF No. 1, PageID.24), defense counsel raised both of these issues during the penalty phase. Mr. Zambon filed letters of support from Mr. Laird's mother, sister, and son as attachments to Laird's sentencing memorandum (Case No. 1:13-cr-26, ECF No. 306-1). Mr. Zambon also stated in Laird's sentencing memorandum that "Lance has the support of friends and family" and referenced the letters there. Additionally, the "Personal and Family Data" section in the Presentence Report fully discussed Laird's family circumstances. Mr. Zambon also raised the issue of Laird's co-defendants' sentences in detail in his sentencing memorandum and requested the Court "to consider sentencing [Laird] to a sentence of 60 months in order to avoid unwarranted sentencing disparities among the co-defendants." (*Id.*, ECF No. 306, PageID.1933-1934).

Finally, Laird's claim that Mr. Zambon provided deficient performance by failing to address his mental competency at sentencing does not establish ineffective assistance of counsel because it is contradicted by the record. As a preliminary matter, Laird himself admits that Mr. Zambon provided the Court with a letter from Psychologist Dennis Glandon as an attachment to the sentencing memorandum. (Case No. 1:15-cv-953, ECF No. 2, PageID.24). In that letter, Mr. Glandon states that Laird had been involved in individual counseling sessions to "promote positive changes in both social and behavioral functioning." (Case No. 1:13-cr-26, ECF No. 306-1, PageID.1938). Additionally, Laird's mental health was fully addressed in the section of the PSR entitled "Mental and Emotional Health," (*Id.*, ECF No. 305, PageID.1922), precluding any prejudice.

More importantly, however, Laird fails to present any evidence suggesting that Mr. Zambon had any reason to raise Laird's mental health at sentencing. "To establish prejudice, the new

15

evidence that a habeas petitioner presents must differ in a substantial way–in strength and subject matter–from the evidence actually presented at sentencing." *Clerk v. Mitchell*, 425 F.3d 270, 286 (6th Cir. 2008). Here, however, and as discussed more fully above, there is a significant amount of record evidence that Laird did not suffer from diminished capacity. Mr. Zambon states in his affidavit that "[a]t no time did I believe Mr. Laird was suffering from a mental disease or defect such that his competence could be called into question. Mr. Laird always appeared lucid and was cognitive of his surroundings and was able to assist in his defense." (Case No. 1:13-cr-953, ECF No. 22-1, PageID.191). This is corroborated by the Probation Officer's statements, who noted that "[d]uring the presentence interview, the defendant's affect, demeanor, and sense of humor were appropriately expressed." (*Id.*, ECF No. 305, PageID.1922). Petitioner has provided no evidence whatsoever to contest this. Accordingly, defense counsel adequately addressed Laird's mental competence at sentencing and did not provide ineffective assistance in this regard.

In summary, because Petitioner's claims for ineffective assistance of counsel during post-trial matters are all contradicted by the record evidence and Petitioner fails to present any new evidence, he cannot establish deficient performance or actual prejudice on this basis. *See Strickland*, 466 U.S. at 687. Petitioner has also failed to establish that his defense counsel during post-trial matters acted unreasonably in presenting mitigating evidence at sentencing. Accordingly, Petitioner's right to effective assistance of counsel was not violated.

## CONCLUSION

Accordingly, the Motion of Laird to vacate is **DENIED**.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1). The Federal Rules

of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901–02 (6th Cir. 2002). Thus, the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not believe that reasonable jurists would find the Court's assessment of the claim Petitioner raised debatable or wrong.

**ACCORDINGLY, IT IS ORDERED**:

1. Petitioner's motion for discovery entitled "Motion for Discovery and Production of Documents Pursuant to Rule 6 Governing 28 U.S.C. § 2255 Proceedings" (Case No. 1:15-cv-953, ECF No. 4) is **DENIED**.

2. Petitioner's motion for discovery entitled "Motion to Supplement Discovery and Production of Documents Pursuant to Rule 6 Governing 28 U.S.C. § 2255 Proceedings" (*Id.*, ECF No. 6) is **DENIED**.

3. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (*Id.*, ECF No. 1) is **DENIED**.

    4.    Petitioner's request for a Certificate of Appealability is **DENIED**.

Dated:    March 8, 2017        /s/ Robert J. Jonker
                                                           ROBERT J. JONKER
                                                           CHIEF UNITED STATES DISTRICT JUDGE